AO 247 (02/08)  and Modified Judgment  Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| MARCUS JASON WASHINGTON | ) Case No: 2:98-cr-00070-HDM-LRL |
| | ) USM No: 32693-048 |
| Date of Previous Judgment: 4/12/1999 | ) Richard Boulware, AFPD |
| (Use Date of Last Amended Judgment if Applicable) | ) Defendant's Attorney |

### and Modified Judgment
### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of  X the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ☐ DENIED.   X GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of  192  months **is reduced to**  140 months.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level:  31            Amended Offense Level:  29
Criminal History Category:  V          Criminal History Category:  V
Previous Guideline Range:  168  to  192  months    Amended Guideline Range:  140  to  175  months
(48 Months each Count, consecutive)

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
X The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

### III. ADDITIONAL COMMENTS
Sentence Imposed - Count One: 48 Months; Count Two: 48 Months, consecutive to Count One ; Count Three and Count Four: 44 Months, concurrent to each other and consecutive to Counts One and Two, for a total of 140 Months.

Except as provided above, all provisions of the judgment dated  4/12/1999  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  April 2, 2008

_____
Judge's signature

Effective Date: _____
(if different from order date)

HOWARD D. McKIBBEN, Senior U.S. District Judge
Printed name and title

ENTERED AND SERVED

FILED

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

APR 21 1999
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

APR 20 1999
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

UNITED STATES OF AMERICA
vs.
MARCUS JASON WASHINGTON

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: CR-S-98-70-DWH(LRL)

RENE VALLADARES
DEFENDANT'S ATTORNEY

THE DEFENDANT:

(XX)  pled guilty to count(s) 1 through 4 of the Superseding Information filed December 7, 1998

( )   pled nolo contendere to count(s) _____
      which was accepted by the court.

( )   was found guilty on count(s) _____
      after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 21 U.S.C. 843(b) and 841(a)(1) | Illegal Use of a Communication Facility | 02/25/98 | 1 through 4 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

( )   The defendant has been found not guilty on count(s) _____
(XX)  The Indictment filed March 4, 1998 is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's
Defendant's
Defendant's
Defendant's
In Custody

Defendant's

APRIL 12, 1999
Date of Imposition of Judgment

Signature of Judicial Officer
DAVID W. HAGEN
U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

APR 19 1999
Date

80

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

DEFENDANT: MARCUS JASON WASHINGTON　　　　　　　　　　Judgment - Page 2 of 5
CASE NUMBER: CR-S-98-70-DWH(LRL)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FORTY TWO (42) MONTHS AS TO COUNT 1, TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNTS 2, 3, & 4; FORTY TWO (42) MONTHS AS TO COUNT 2, TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNTS 1, 3 & 4; FORTY TWO (42) MONTHS AS TO COUNT 3, TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNTS 1, 2 & 4; FORTY TWO (42) MONTHS AS TO COUNT 4, TO BE SERVED CONSECUTIVELY TO THE SENTENCE IMPOSED IN COUNTS 1, 2 & 3

(XX)　The court makes the following recommendations to the Bureau of Prisons:
　　　THAT DEFENDANT BE ENROLLED IN A 500 HOUR COMPREHENSIVE DRUG TREATMENT PROGRAM; THAT DEFENDANT BE INCARCERATED IN AN INSTITUTION NEAR LAS VEGAS, NEVADA.

(XX)　The defendant is remanded to the custody of the United States Marshal.

( )　The defendant shall surrender to the United States Marshal for this district:
　　　( )　at _____ a.m./p.m. on _____
　　　( )　as notified by the United States Marshal.

( )　The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　　　( )　before 2 p.m. on _____
　　　( )　as notified by the United States Marshal.
　　　( )　as notified by the Probation of Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　　　Deputy U.S. Marshal

AO 245B (8/96) Sheet 3 - Supervised Release

DEFENDANT: MARCUS JASON WASHINGTON
CASE NUMBER: CR-S-98-70-DWH(LRL)

Judgment - Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE (1) YEAR

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

( )  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

(XX)  The defendant shall not possess a firearm as defined in 18 U.S.C §921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (8/96) Sheet 3 - Supervised Release

DEFENDANT: MARCUS JASON WASHINGTON
CASE NUMBER: CR-S-98-70-DWH(LRL)

Judgment - Page 3A of 5

## SPECIAL CONDITIONS OF PROBATION AND SUPERVISED RELEASE

1. <u>Possession of Weapon</u> - The defendant shall not possess, have under his/her control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state or local law. 18 U.S.C. 3565(b) mandates revocation of probation for possession of a firearm.

2. <u>Warrantless Search</u> - The defendant shall submit to the search of his/her person, and any property, residence, or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

3. <u>Substance Abuse Treatment</u> - The defendant shall participate in and complete a substance abuse treatment program, which may include drug testing, out-patient counseling, or residential placement, as approved and directed by the probation officer; and shall comply with the rules of the treatment program.

4. <u>Payment of Fine</u> - The defendant shall pay a fine, subject to interest penalties, in the amount of One Thousand ($1,000.00) Dollars at the rate of fifty percent (50%) of all earnings while incarcerated. While on supervised release, defendant shall pay Twenty Five Dollars ($25.00) per month, subject to upward adjustment based on defendant's ability to pay, as directed by the probation officer, payable to the U.S. District Court Clerk.

AO 245B (8/96) Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: MARCUS JASON WASHINGTON
CASE NUMBER: CR-S-98-70-DWH(LRL)

Judgment - Page 4 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | ASSESSMENT | FINE | RESTITUTION |
|---|---|---|---|
| Totals: | $400.00<br>Due and Payable Immediately | $1,000.00 | $ |

( )   If applicable, restitution amount ordered pursuant to plea agreement ..........................  $ _____

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

( )   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ( )   The interest requirement is waived.
  ( )   The interest requirement is modified as follows:

### RESTITUTION

( )   The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.
( )   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.